DONALD R. HOLBEN & ASSOCIATES, APC
Donald R. Holben, Esq. (SBN 108401)
William N. Pabarcus, Esq. (SBN 62335)
Andrew A. Rosenberry, Esq. (SBN 165741)
5030 Camino de la Siesta, Suite 350
San Diego, CA 92108
Telephone: 619-220-5555
Facsimile:  619-220-0033

Attorneys for Plaintiff,
RHONDA KATRENICH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| RHONDA KATRENICH, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>SYSCO CORPORATION, a Delaware Corporation;  SYSCO RIVERSIDE, INC., a Delaware Corporation; PAUL KEYS, an individual; ROBERT RODRIGUEZ, an individual; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case Number:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  Interference With Family Medical Leave Act (FMLA)<br>2.  Discrimination (FMLA)<br>3.  Failure To Prevent Discrimination For Utilizing FMLA<br>4.  Failure to Engage In The Interactive Process<br>5.  Violation Of The California Family Rights Act (CFRA)<br>6.  Sex Discrimination In Violation Of Fair Employment And Housing Act (FEHA)<br>7.  Age Discrimination In Violation Of FEHA<br>8.  Wrongful Constructive Termination In Violation Of Public Policy<br>9.  Violation Of Government Code § 12940(i)<br>10.  Negligent Infliction Of Emotional Distress<br>11.  Intentional Infliction Of Emotional Distress<br>12.  Failure To Pay Overtime Wages |

13.  Violation Of California Labor Law §201 And 202 – Failure To Pay Final Wages
14.  Failure To Provide Meal Periods
15.  Failure To Provide Rest Periods
16.  Failure To Provide Properly Itemized Wage Statements In Violation Of The California Labor Code
17.  Failure To Pay Wages When Due In Violation Of The California Labor Code
18.  Unlawful And Unfair Business Acts And Practices In Violation Of California Business & Professions Code §17200 et seq.
19.  Failure To Provide Documentation In Violation Of Labor Code §226

Plaintiff, RHONDA KATRENICH ("KATRENICH"), alleges as her Complaint herein as follows:

## I.

## GENERAL ALLEGATIONS

1.    Pursuant to 28 U.S.C. Section 1332, this Court has diversity jurisdiction over this action because the amount in controversy herein, exclusive of costs and interests, exceeds the sum of $75,000.00, defendant SYSCO CORPORATION is a corporation organized and existing under the laws of the State of Delaware and was at all relevant times the employer of Plaintiff, KATRENICH.  SYSCO RIVERSIDE, INC. is a corporation organized and existing under the laws of the State of Delaware, and is a subsidiary of SYSCO CORPORATION.  SYSCO CORPORATION, the parent company, dominated, controlled and directed the business affairs of SYSCO RIVERSIDE, INC. in such a manner as to make it inequitable to recognize SYSCO RIVERSIDE, INC. as a corporate entity separate and apart from SYSCO CORPORATION and, to do so, would be to perpetuate a fraud and injustice.  For

COMPLAINT FOR DAMAGES

purposes of the allegations set forth in this Complaint, SYSCO CORPORATION and SYSCO RIVERSIDE, INC. will be collectively referred to as SYSCO. The business of SYSCO is the sale and distribution of food, food products, and related items principally to commercial businesses. At all times herein mentioned SYSCO had a principal office located in the County of Riverside, State of California, and it was this division of SYSCO for whom KATRENICH worked as a Marketing Associate. Pursuant to 29 U.S.C. Section 2601 et seq., this Court also has jurisdiction over this action because the cause of action for violations of the Family and Medical Leave Act of 1993 ("FMLA") involves a federal question.

2. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. Section 1367(a). KATRENICH's claims pursuant to the California Family Rights Act ("CFRA"), California Government Code Section 12945.2 et seq., for failure to prevent discrimination in violation of Gov. Code Section 12940(k), and for wrongful termination in violation of public policy, are related, as all of KATRENICH's claims share common operative facts. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

3. KATRENICH was an eligible employee within the meaning of the FMLA and CFRA because SYSCO had employed KATRENICH for at least 12 months by the time her need for family leave occurred, and KATRENICH had worked more than 1,250 hours during the 12-month period prior to her request for leave.

4. SYSCO is a covered employer under FMLA and CFRA because it employs 50 or more employees within a 75-mile radius of KATRENICH's worksite.

5. Plaintiff is informed and believes and thereon alleges defendant PAUL KEYS (hereinafter "KEYS") is an individual residing in the State of California.

6. Plaintiff is informed and believes and thereon alleges defendant ROBERT RODRIGUEZ (hereinafter "RODRIGUEZ") is an individual residing in the State of California.

///

3

7.      Defendants, DOES 1 through 50, inclusive, at all relevant times mentioned herein were individuals residing in the State of California, and were employees, supervisors, and managing agents of defendant SYSCO.  KATERNICH is unaware of the true names of these defendants, and therefore sues them by such fictitious names. KATRENICH will amend this complaint to allege their true names and capacities when ascertained.  KATRENICH is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein, and that KATRENICH's injuries as alleged herein were caused by the aforementioned defendants.

8.      KATRENICH is informed and believes and thereon alleges that each of the defendants named herein was, at all times relevant to this action, the agent, employee, representative, partner, or joint venturer of the remaining defendants and/or was an aider and abettor and/or a co-conspirator with the other defendants in the acts hereinafter alleged.  KATRENICH is informed and believes and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

9.      The named defendants along with DOES 1 through 50 shall be collectively referred to herein as "DEFENDANTS."

10.      The unlawful employment practices complained of herein occurred in Riverside County, State of California, and within the judicial district of this Court.

11.      KATRENICH was employed by defendant SYSCO, pursuant to an oral contract of employment, commencing in approximately 1998.  KATRENICH was employed initially as a marketing associate, and advanced during her career to the position of senior marketing associate.  Prior to June of 2014, KATRENICH's compensation was based upon a salary plus commissions.  This compensation was calculated using a complex formula by which she received payment based, in part, on orders placed on accounts she had previously generated, together with new accounts. KATRENICH's job duties included providing service to customers in the taking of orders

of SYSCO's products, interfacing with the distribution division of SYSCO to place orders and assure prompt delivery of SYSCO's products, and to interface with and develop relationships with customers, both existing and new.  During the term of KATRENICH's employment by SYSCO prior to June of 2014 she was a highly regarded senior marketing associate having garnered numerous commendations, awards, and bonuses.  KATRENICH had been named a member of SYSCO's Diamond and President's Clubs, and received as rewards for her work various vacation trips and awards of property including a Rolex watch and rings, etc.

12.     In or about August, 2011, KATRENICH's mother-in-law passed away, a person with whom she was close.  In January of 2012, her father-in-law passed away.  KATRENCH's mother had an extended last illness, and passed away on or about April 27, 2013.  Notwithstanding these personal tragedies and losses, KATRENICH took scant time off of work to deal with these important family issues.

13.     In October of 2013 KATRENICH's supervisor, KEYS, put her in a "Center of the Plate" ("COP") class that required her to travel to and from various locales within Southern California each day for a period of approximately eleven (11) weeks, during which a good deal of the time was spent by the class in refrigerated meat packing companies and freezers.  During this time KATRENICH was also required to attend to many of her normal job duties in providing service to her customers.  As a consequence of her exposure to the cold in the meat packing plants and freezers, KATRENICH developed bronchitis which later turned into pneumonia.  Although KATRENICH informed KEYS of her illness and requested an accommodation, he required that she continue performing all of her job duties without accommodation, including completing attendance of the COP class.  KATRENICH also had a breast cancer concern during this time.  While she was at the Breast Cancer Institute for treatment, KEYS repeatedly called KATRENICH about an account even though KEYS knew that KATRENICH was at the Institute for a procedure.  During the eleven (11) week period that KATRENICH was attending the COP class, KATRENICH was also assured by SYSCO's representatives,

KEYS in particular, that her accounts and territory would be serviced by others in her absence, and would remain for her on her return to her regular schedule.

14.     As a consequence of her illness and the stress placed on her and her family associated with the loss of close family members and her job responsibilities with SYSCO, in January 2014 KATRENICH approached the human resources division of SYSCO to explain the stress, strain, depression, and her debilitated physical condition. The human resources division told KATRENICH that she was a valued SYSCO employee, and that she should attend to her health and family issues.  The human resources division recommended that KATRENICH take family leave in order to do so, and she was told by SYSCO's representatives that the customer accounts she had developed over the years would be hers on her return to work.  From January 7, 2014 through June 27, 2014, KATRENICH took such family leave as recommended by SYSCO's human resources division.  During that family leave period, KATRENICH's doctor periodically provided SYSCO with updates as to KATRENICH's medical status, and SYSCO's human resources division would occasionally call or text her directly to ascertain how she was doing.  At no time during this family leave period was KATRENICH advised by any SYSCO representative that the taking of the recommended family leave would on her return cause a demotion or a reduction in salary/commissions or otherwise jeopardize her work situation with SYSCO.

15.     On June 30, 2014, KATRENICH returned to work and was told that she would initially have a meeting with KEYS, her former direct supervisor who had by then been promoted to regional sales manager along with RODRIGUEZ, who would be her direct supervisor.  When the meeting began, KEYS said to KATRENICH:  "I can't believe you had the balls to walk back into this office," and stated that he had not envisioned that she would be returning to work with SYSCO.  KEYS specifically noted the time KATRENICH had taken off of work to deal with family crises, including time covered by the CFRA and FMLA.  KATRENICH was then told by KEYS and RODRIGUEZ that her return to work following FMLA leave was subject to the

following:  1) all of her old accounts were to be serviced by other marketing associates; 2) she was prohibited from having any contact, employment or social, with any of her prior customers; 3) she would be demoted to that of a marketing associate rather than a senior marketing associate; 4) that she would have a new compensation arrangement based on salary and commissions from new accounts generated by her, not on any sales through her prior accounts.  Many of KATRENICH's customers had become friends, and she and her family often ate dinner at business establishments owned by these customers and would see some of them at civic and social organizations within their community in Riverside County, California.  Further, the new compensation arrangement resulted in drastic reduction in KATRENICH's pay.  She was previously earning in excess of $100,000.00 per year, much of which was based on the existence of accounts she had developed over her 17 years with SYSCO.  Her new compensation arrangement was primarily to be based on new accounts generated only, i.e. a reduction down to the range of $60,000.00 per year.

16.     On August 25, 2014, KATRENICH won a competitive company award, demonstrating her diligence with her work.

17.     However, following her return to work and the demotion and reduction in pay that occurred, SYSCO engaged in a systemic pattern to make her work environment unbearable including, without limitation, the following:

A.  KATRENICH would place orders for customers, but the orders were not being filled by the company, deliveries were late, or there were orders that were not delivered, placing her in the untenable position of having to explain to customers why their orders were not being timely delivered.  Further, the failure to timely provide such orders resulted in a loss of income to KATRENICH under her then compensation plan. In addition, KATRENICH was required to spend an inordinate amount of time checking and double checking to be certain that orders she had placed were being shipped by the company to her customers.

///

---

7

B.  KATRENICH was told that as to certain customers no shipment of orders would be made until that customer paid their past due invoices.  KATRENICH later learned that such orders were placed by other company representatives without the condition of collection of money from such customers.

C.  KATRENICH's supervisor, RODRIGUEZ, without notice to KATRENICH, asked certain customers if they wanted to have a new SYSCO marketing associate, someone other than KATRENICH.

D.  KATRENICH would telephone and text her direct supervisor, RODRIGUEZ, on matters as to which his input was required, and he would regularly fail to return her telephone calls or respond to her texts resulting in no input and direction from her supervisor on the issues involved.

E.  KATRENICH's supervisor, RODRIGUEZ, would schedule meetings with her, but then either the meeting was cancelled at the last minute or he would fail to appear for the meeting.

F.  KATRENICH's supervisor, RODRIGUEZ, would claim that KATRENICH did not provide necessary information required by him when, in fact, she previously had done so.

G.  SYSCO regularly failed to stock food and food product items that resulted in late deliveries of orders to customers of KATRENICH, and yet its representatives would lie to KATRENICH's customers saying those products were in stock when they were not.

H.  SYSCO changed KATRENICH's employee number, which caused the misreporting of courses that she was required to take by the company.  KATRENICH did, in fact, timely take the courses, but the misreporting was relied upon by SYSCO in making poor performance evaluations of her.

I.  KATRENICH's direct supervisor, RODRIGUEZ, berated her for being at home to take care of a sick daughter in November 2014, stating she should "get a NutriBullet to make juice so that her family wouldn't be getting sick so much."

J.  KATRENICH's work performance was being regularly criticized by her direct supervisor, RODRIGUEZ, and also the then regional sales manager, KEYS.  As an example only, KATRENICH was criticized and faulted for SYSCO's inability to collect amounts it claimed were due from a customer who had died.  Eventually, KEYS issued a "memorandum" to KATRENICH, dated May 8, 2015, continuing the criticism of her work performance in which he stated "there will be further disciplinary action taken up to and including termination" if there was not significant improvement.  However, the improvement was principally under the control of SYSCO in the matters hereinabove alleged.

18.   KATRENICH complained to others within the SYSCO corporate structure involving the matters alleged above, including human resources personnel, but no action was taken to avoid these adverse actions being taken against her and which negatively affected the terms and conditions of her employment and her ability to properly provide service to her customers.  KATRENICH requested a transfer to another SYSCO district, but such transfer was refused.

19.   The environment created by SYSCO, as hereinabove alleged, was so unusually adverse that a reasonable employee in the position of KATRENICH would have felt compelled to resign his or her position.  SYSCO either intended to force the resignation of KATRENICH, or, at a minimum, had actual knowledge of the intolerable working conditions imposed upon by it on KATRENICH.  There being no alternative, KATRENICH resigned from her employment with SYSCO in or about July of 2015.

20.   On or about June 29, 2015 KATRENICH exhausted all administrative remedies that she was required to undertake by filing a complaint with the California Department of Fair Employment and Housing, which Department then issued a Notice of Case Closure and Right to Sue.  A true and correct copy of that Complaint and the Department actions are attached hereto as Exhibit "A" and incorporated by reference herein.

/ / /

# II.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### INTERFERENCE WITH FMLA (29 U.S. CODE, SECTION 2615(a)(1))

### (AGAINST ALL DEFENDANTS)

21.    KATRENICH incorporates by reference paragraphs 1 through 20, as though fully set forth herein.

22.    SYSCO is an "employer" within the meaning of 29 U.S.C. § 2611(4).

23.    SYSCO employed at least 50 employees for each working day during all relevant times set forth in the Complaint.

24.    At all times material, KATRENICH was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2).

25.    At all relevant times, SYSCO employed 50 or more employees within 75 miles of the worksite where KATRENICH performed work for SYSCO.

26.    KATRENICH was employed by SYSCO for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave.

27.    KATRENICH was employed by SYSCO for more than 12 months prior to commencing leave.

28.    KATRENICH took medical leave protected by the Family Medical Leave Act (FMLA).

29.    At all material times, KATRENICH took medical leave to care for a spouse, child, or parent who had a serious health condition, or because she was unable to work because of her own serious health condition, as defined by 29 U.S.C. § 2611(11).

30.    SYSCO interfered, discriminated, and retaliated against KATRENICH for engaging in the protected activity of taking leave under FMLA and reporting FMLA violations.

31.    SYSCO interfered, discriminated, and retaliated against KATRENICH for taking medical leave by taking adverse employment actions against KATRENICH,

including, but not limited to, requiring KATRENICH to work after she requested accommodation and leave and during the time her doctor took her off work due to her serious health condition, placing KATRENICH on a corrective action, and constructively terminating KATERNICH's employment.

32.     As a direct and proximate result of SYSCO's interference, discrimination, and retaliation, KATRENICH has suffered lost income, and will continue to suffer past and future wages, past and future benefits, and other expenses, all to KATRENICH's economic damage in an amount to be determined at trial.

33.     The court should enter an order declaring that SYSCO violated the FMLA.

34.     To the extent any amount awarded to KATRENICH is for damages occurring prior to the entry of judgment, KATRENICH is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

35.     KATRENICH is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A).

36.     Pursuant to 29 U.S.C. § 2617(a)(3), KATRENICH is entitled to an award of attorney's fees, expert fees, and costs incurred herein.

37.     KATRENICH is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## SECOND CAUSE OF ACTION
## DISCRIMINATION – FMLA (29 U.S. CODE, SECTION 2615(a)(2))
## (AGAINST ALL CORPORATE DEFENDANTS)

38.     KATRENICH incorporates by reference paragraphs 1 through 37, as though fully set forth herein.

39.     The FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter [of the FMLA]." 29 U.S.C. § 2615(a)(2).  The FMLA further provides that "[a]n employer is prohibited from discriminating against

employees or prospective employees who have used FMLA leave." 29 C.F.R. § 825.220(c). "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions. . . ." *Id.*

40. SYSCO discriminated against KATRENICH by constructively discharging her when she exercised her right to take FMLA leave.

41. SYSCO discriminated against KATRENICH by refusing to reinstate her because she exercised her right to take FMLA leave.

42. SYSCO's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to KATRENICH's rights.

43. As a direct and proximate result of SYSCO's unlawful actions, KATRENICH lost her wages, salary, employment benefits, and other compensation, and suffered other monetary losses, in an amount to be proven at trial.

44. As a result of SYSCO's willful violations of the FMLA, which were not done in good faith, KATRENICH is entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii), in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION (GOVERNMENT CODE, SECTION 12940(k))**

**(AGAINST ALL CORPORATE DEFENDANTS)**

45. KATRENICH incorporates by reference paragraphs 1 through 44, as though fully set forth herein.

46. California Government Code section 12940(k) requires employers to take all reasonable steps to prevent discrimination from occurring.

47. SYSCO knew or should have known that KATRENICH needed leave to care for her family, and to address her own serious health condition. SYSCO failed to inform KATRENICH of her rights and obligations under CFRA. SYSCO refused to grant KATRENICH's request for leave for a CFRA-qualifying reason. SYSCO discriminated against KATRENICH by constructively terminating her after she had taken

12

leave for a CFRA-qualifying reason.  SYSCO discriminated against KATRENICH by refusing to reinstate KATRENICH following her leave for a CFRA-qualifying reason.

48.    SYSCO's actions constitute a failure to take all reasonable steps to prevent discrimination from occurring in violation of California Government Code section 12940(k).

49.    As a proximate result of SYSCO's unlawful actions, KATRENICH suffered the loss of wages, salary, employment benefits, and additional damages in an amount to be proven at trial.

50.    As a further proximate result of SYSCO's unlawful actions, KATRENICH has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

51.    SYSCO's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to KATRENICH's rights.

**FOURTH CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (GOVERNMENT CODE, SECTION 12940 ET SEQ.)**

**(AGAINST ALL DEFENDANTS)**

52.    KATRENICH incorporates by reference paragraphs 1 through 51, as though fully set forth herein.

53.    DEFENDANTS were required under California Government Code, section 12940 et seq., among other California statutes, to engage in an interactive dialogue with all qualified, disabled employees, designed to find ways to reasonably accommodate said employees' disabilities in the workplace (the "interactive process").

54.    KATRENICH was an employee with a qualified disability.  DEFENDANTS were, therefore, required to engage in the interactive process with KATRENICH.

55.    DEFENDANTS failed to engage reasonably in the interactive process with KATRENICH.

/ / /

56.     As a direct, proximate and foreseeable result of DEFENDANTS' acts and failures to act as alleged herein, KATRENICH has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation, and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, anxiety, and discomfort, all to her damage in an amount to be determined according to proof at trial.

57.     DEFENDANTS committed the acts herein alleged despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring KATRENICH, and acted with an improper and evil motive amounting to malice and in conscious disregard of KATRENICH's rights.  Because the acts taken toward KATRENICH were carried out by managerial employees acting in a deliberate, cold, callous, despicable, and intentional manner in order to injure and damage KATRENICH, she is entitled to punitive damages from DEFENDANTS.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT (CFRA)
## (AGAINST ALL DEFENDANTS)

58.     KATRENICH incorporates by reference paragraphs 1 through 57, as though fully set forth herein.

59.     At all times herein mentioned SYSCO was an employer covered by CFRA.

60.     At all times herein mentioned KATRENICH was an employee eligible to take CFRA leave and, in fact, took such leave for a qualifying purpose or purposes.

61.     The taking of CFRA leave by KATRENICH was a negative factor in certain adverse employment action that was taken by DEFENDANTS against her which included, without limitation, the demotion from senior marketing associate to marketing associate with a loss of her previously established accounts, the direction to have no contact whatsoever with her prior accounts, the reduction in compensation, and the other adverse actions taken by DEFENDANTS that created an intolerable working

/ / /

environment for KATRENICH such as to cause the constructive termination of her employment.

62.    As a direct, proximate, and legal result of DEFENDANTS' actions, as hereinabove alleged, KATRENICH has suffered loss of wages, benefits, and additional amounts of money she would have received if she had not been demoted by DEFENDANTS and had not been constructively terminated by SYSCO.  As a result thereof, KATRENICH has suffered damages in an amount according to proof at trial.

63.    As a further direct, proximate, and legal result of DEFENDANTS' actions against KATRENICH as hereinabove alleged KATRENICH has suffered the loss of future employment related benefits and opportunities such as promotion, job satisfaction, job security, and other job related benefits in an amount to be proven at trial.

64.    As a further direct, proximate, and legal result of DEFENDANTS' actions against KATRENICH as hereinabove alleged, KATRENICH has been harmed in that she has suffered humiliation, mental anguish, emotional distress, harm to her professional reputation, and has been injured in mind and body.  As a result of such harm, KATRENICH has suffered such damages in an amount according to proof at trial.

65.    As a further direct, proximate, and legal result of DEFENDANTS' actions against KATRENICH as hereinabove alleged, KATRENICH has suffered other damages and losses not currently ascertained, the nature and amount of which will be proven at the time of trial.

**SIXTH CAUSE OF ACTION**

**SEX DISCRIMINATION**

**(AGAINST ALL CORPORATE DEFENDANTS)**

66.    KATRENICH incorporates by reference paragraphs 1 through 65, as though fully set forth herein.

67.    At all times herein mentioned, Government Code, Section 12940 et seq., was in full force and effect, and was binding on SYSCO.  This section requires employers to refrain from discriminating against any employee on the basis of sex, among other things.

15

Within the time provided by law, KATRENICH filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue letter.

68.     During the course of her employment, KATRENICH's direct supervisor, RODRIGUEZ, made various discriminatory comments on the basis of sex, including, but not limited to, the need for female marketing associates to garner business accounts through the manner in which they dressed.  Plaintiff is informed and believes and based thereon herein alleges that RODRIGUEZ was terminated from prior employment as a result of his sexual harassment of a female or females.  SYSCO engaged in a designed practice of encouraging female employees to dress provocatively to obtain additional business contracts.  Female employees that did not dress provocatively were discriminated against by SYSCO through the "pulling" of accounts and assigning them to those women who adhered to the SYSCO model of provocatively-dressed female marketing associates.  SYSCO also engaged in a designed practice of favoring male marketing associates over female marketing associates when reallocating contracts managed by former employees that were no longer employed by SYSCO.  The more lucrative contracts were distributed to the male marketing associates, while the less lucrative contracts (and sometimes stale contracts) were distributed to the female marketing associates.  In addition, KATRENICH is informed and believes and based thereon herein alleges that SYSCO and its agents and employees took the adverse employment actions against KATRENICH, as hereinabove alleged, based in material part on her sexual status as a female employee, and then contrived pretextual performance problems which were designed to conceal SYSCO's practice of discriminating against her on the basis of her sex.  Such discrimination is in violation of Government Code, Section 12940 et seq., and has resulted in damage and injury to KATRENICH.

69.     As a direct, proximate, and legal result of SYSCO's willful, knowing, and intentional discrimination against KATRENICH, KATRENICH has sustained and

/ / /

COMPLAINT FOR DAMAGES

continues to sustain substantial losses in earnings and other employment benefits, all of which will be proven at the time of trial.

70.     As a direct, proximate, and legal result of DEFENDANTS' willful, knowing, and intentional discrimination against KATRENICH, she has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

71.     As a further direct, proximate, and legal result of DEFENDANTS' willful, knowing, and intentional discrimination against KATRENICH, she has sustained and suffered further damages and losses, the nature and amount of which are not currently ascertained, but which will be proven at the time of trial.

72.     The conduct of DEFENDANTS, and each of them, as herein alleged, was undertaken with malice, oppression, and fraud as defined in Section 3294 of the California Civil Code, and constituted willful, knowing, and intentional discrimination against KATRENICH by DEFENDANTS.  Such conduct was intended to annoy, harass and injure KATRENICH, and other similarly situated female employees, and was despicable, and carried on by DEFENDANTS with willful and conscious disregard for the rights of KATRENICH, thereby subjecting KATRENICH to cruel and unjust hardship.  KATRENICH is informed and believes and thereon alleges that the corporate defendant, SYSCO, is guilty of malice, oppression and fraud as set forth in Section 3294 of the California Civil Code.  KATRENICH is further informed and believes, and thereon alleges, that the acts of malice, oppression and fraud on the part of DEFENDANTS, and each of them, as alleged herein, were committed by an officer, director or managing agent of said corporate defendant, and/or said wrongful acts were committed with the consent, approval and/or ratification of an officer, director and/or managing agent of the defendant corporation.  Accordingly, KATRENICH is entitled to recover punitive damages from DEFENDANTS, and each of them, pursuant to Section 3294 of the California Civil Code, in an amount to be shown according to proof at trial.

/ / /

73.    KATRENICH has incurred and continues to incur legal expenses and attorneys fees in connection with this action.  KATRENICH is presently unaware of the precise amount of these fees and expenses, which will be proven at the time of trial.

## SEVENTH CAUSE OF ACTION
## AGE DISCRIMINATION
## (AGAINST ALL CORPORATE DEFENDANTS)

74.    KATRENICH incorporates by reference paragraphs 1 through 73, as though fully set forth herein.

75.    At all times herein mentioned, Government Code, Section 12940 et seq., was in full force and effect, and was binding on DEFENDANTS.  These sections require employers to refrain from discriminating against any employee on the basis of age, among other things.  Within the time provided by law, KATRENICH filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue letter.

76.    KATRENICH is informed and believes and based thereon herein alleges that SYSCO and its agents and employees took the adverse employment actions against KATRENICH, as hereinabove alleged, based in material part due to her age, which was, at the relevant times, 45-46 years of age and then contrived pretextual performance problems which were designed to conceal DEFENDANTS' practice of discriminating against KATRENICH on the basis of her age.  KATRENICH is informed and believes and based thereon herein alleges that SYSCO either terminated or caused the termination of other similarly situated employees within its Riverside division, and perhaps nation-wide, due to such employees being over 40 years of age.  Such discrimination is in violation of Government Code, Section 12940 et seq., and has resulted in damage and injury to KATRENICH.

77.    As a direct, proximate, and legal result of DEFENDANTS' willful, knowing, and intentional discrimination against her, KATRENICH has sustained and

/ / /

continues to sustain substantial losses in earnings and other employment benefits, all of which will be proven at the time of trial.

78.     As a direct, proximate, and legal result of DEFENDANTS' willful, knowing, and intentional discrimination against KATRENICH, she has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

79.     As a further direct, proximate, and legal result of DEFENDANTS' willful, knowing, and intentional discrimination against KATRENICH, she has sustained and suffered further damages and losses, the nature and amount of which are not current ascertained, but which will be proven at the time of trial.

80.     The conduct of DEFENDANTS, and each of them, as herein alleged, was done with malice, oppression, and fraud as defined in Section 3294 of the California Civil Code, and constituted willful, knowing and intentional discrimination against KATRENICH by DEFENDANTS.  Such conduct was intended to annoy, harass and injure KATRENICH, and was despicable, and carried on by DEFENDANTS with willful and conscious disregard for the rights of KATRENICH, thereby subjecting KATRENICH to cruel and unjust hardship.  KATRENICH is informed and believes and thereon alleges that the corporate defendant, SYSCO, is guilty of malice, oppression, and fraud as set forth in Section 3294 of the California Civil Code.  KATRENICH is further informed and believes, and thereon alleges, that the acts of malice, oppression, and fraud on the part of DEFENDANTS, and each of them, as alleged herein, were committed by an officer, director, or managing agent of said corporate defendant, and/or said wrongful acts were committed with the consent, approval and/or ratification of an officer, director and/or managing agent of the corporate defendant.  Accordingly, KATRENICH is entitled to recover punitive damages from all corporate defendants, and each of them, pursuant to Section 3294 of the California Civil Code in an amount to be shown according to proof at trial.

///

19

81.     KATRENICH has incurred, and continues to incur legal expenses and attorneys fees in connection with this action.  KATRENICH is presently unaware of the precise amount of these fees and expenses, which will be proven at the time of trial.

## EIGHTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY, RETALIATION IN VIOLATION OF THE CFRA, SEX DISCRIMINATION AND AGE DISCRIMINATION
## (AGAINST ALL DEFENDANTS)

82.     KATRENICH incorporates by reference paragraphs 1 through 81, as though fully set forth herein.

83.     At all times herein mentioned, California Constitution Article 1, Section 8, was in full force and effect and was binding on DEFENDANTS.  This section prohibits discrimination against any person on the basis of sex.  In addition, Government Code, Section 12940 (a) prohibits an employer from discriminating based on sex or age.  Further, pursuant to Government Code, Sec. 12945.2, subd. (1), the CFRA, an employee who takes family leave under the Act is guaranteed that the taking of such leave will not result in a loss of job security or other adverse employment actions.  These laws represent the public policy of the State of California, and the discrimination and retaliation of SYSCO and the other defendants has resulted in damages and injury to KATRENICH as alleged herein.

84.     As a direct, proximate, and legal result of DEFENDANTS' willful, knowing, and intentional discrimination against KATRENICH, she has sustained and continues to sustain substantial losses in earnings and other employment benefits.

85.     As a direct, proximate, and legal result of DEFENDANTS' willful, knowing, and intentional discrimination against KATRENICH, she has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

/ / /

86.     The conduct of DEFENDANTS, and each of them, as herein alleged, was done with malice, oppression, and fraud as defined in Section 3294 of the California Civil Code, and constituted willful, knowing, and intentional discrimination against KATRENICH by DEFENDANTS.  Such conduct was intended to annoy, harass, and injure KATRENICH, and was despicable, and carried on by DEFENDANTS with willful and conscious disregard for the rights of KATRENICH, thereby subjecting KATRENICH to cruel and unjust hardship.  KATRENICH is informed and believes and thereon alleges that the corporate defendant, SYSCO, is guilty of malice, oppression, and fraud as set forth in Section 3294 of the California Civil Code.  KATRENICH is further informed and believes, and thereon alleges, that the acts of malice, oppression, and fraud on the part of DEFENDANTS, and each of them, as alleged herein, were committed by an officer, director or managing agent of said corporate defendant and/or said wrongful acts were committed with the consent, approval and/or ratification of an officer, director and/or managing agent of the corporate defendant.  Accordingly, KATRENICH is entitled to recover punitive damages from DEFENDANTS, and each of them, pursuant to Section 3294 of the California Civil Code, in an amount to be shown according to proof at trial.

87.     KATRENICH has incurred, and continues to incur, legal expenses and attorneys fees in connection with this action.  KATRENICH is presently unaware of the precise amount of these fees and expenses, which will be proven at the time of trial.

## NINTH CAUSE OF ACTION
## VIOLATION OF GOVERNMENT CODE, SECTION 12940(i)
## (AGAINST ALL DEFENDANTS)

88.     KATRENICH incorporates by reference paragraphs 1 through 87, as though fully set forth herein.

89.     At all times herein mentioned, Government Code Section 12940(i) was in full force and effect, and was binding on DEFENDANTS.  This subsection requires DEFENDANTS to take all reasonable steps necessary to prevent discrimination and

harassment from occurring. As alleged above, DEFENDANTS violated this subsection by failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Within the time provided by law, KATRENICH filed a complaint with the California Department of Fair Employment and Housing and received a right-to-sue letter.

90. As a direct, proximate, and legal result of DEFENDANTS' conduct, KATRENICH has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage, in a sum according to proof.

91. The conduct of DEFENDANTS, and each of them, as herein alleged, was done with malice, oppression, and fraud as defined in Section 3294 of the California Civil Code, and constituted willful, knowing, and intentional discrimination against KATRENICH by DEFENDANTS. Such conduct was intended to annoy, harass, and injure KATRENICH, and was despicable and carried on by DEFENDANTS with willful and conscious disregard for the rights of KATRENICH, thereby subjecting KATRENICH to cruel and unjust hardship. KATRENICH is informed and believes and thereon alleges that the corporate defendant, SYSCO, is guilty of malice, oppression, and fraud as set forth in Section 3294 of the California Civil Code. KATRENICH is further informed and believes, and thereon alleges, that the acts of malice, oppression, and fraud on the part of DEFENDANTS, and each of them, as alleged herein, were committed by an officer, director or managing agent of said corporate defendants, and/or said wrongful acts were committed with the consent, approval and/or ratification of an officer, director and/or managing agent of the defendant corporation. Accordingly, KATRENICH is entitled to recover punitive damages from DEFENDANTS, and each of them, pursuant to Section 3294 of the California Civil Code in an amount to be shown according to proof at trial.

92. KATRENICH has incurred, and continues to incur, legal expenses and attorneys fees in connection with this action. KATRENICH is presently unaware of the

/ / /

precise amount of these fees and expenses, and the same will be proven at the time of trial.

## TENTH CAUSE OF ACTION
## NEGLIGENT INFLICATION OF EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS)

93.   KATRENICH incorporates by reference paragraphs 1 through 92, as though fully set forth herein.

94.   At all times herein mentioned DEFENDANTS had a duty not to discriminate against or harass KATRENICH and other similarly situated employees based on their sex as females, their ages being in excess of 40 years of age, or for having taken leave pursuant to the CFRA or FMLA.  DEFENDANTS breached those duties as hereinabove alleged as to KATRENICH, well knowing that said breach would cause KATRENICH severe emotional distress in both being exposed to discriminatory actions (sex and age), and retaliatory action (adverse employment actions based on exercise of rights under the CRFA and FMLA), and in causing KATRENICH to be constructively discharged from her employment with SYSCO.

95.   As a direct, proximate, and legal result of DEFENDANTS' negligence, KATRENICH has suffered and continues to suffer severe emotional distress, humiliation, and mental anguish and has and will incur medical, psychiatric, and other expenses for the examination, treatment, and care of her emotional injuries, all to KATRENICH's damage in an amount that will be established at the time of trial, together with pre-judgment interest pursuant to California Civil Code, Sections 3288 and 3291, and/or any other applicable provision for pre-judgment interest.

## ELEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS)

96.   KATRENICH incorporates by reference paragraphs 1 through 95, as though fully set forth herein.

97.     In doing the things as hereinabove alleged, DEFENDANTS acted with an intent to cause KATRENICH severe emotional distress and said conduct was outrageous, beyond the norms of a decent society, and did, in fact, cause KATRENICH severe emotional distress in the form of stress, anxiety, sleeplessness, and other symptoms.

98.     As a direct, proximate, and legal result of DEFENDANTS' intentional conduct, KATRENICH has suffered and continues to suffer severe emotional distress, humiliation, and mental anguish, and has and will incur medical, psychiatric, and other expenses for the examination, treatment, and care of her emotional injuries, all to KATRENICH's damage, in an amount that will be established at the time of trial, together with pre-judgment interest pursuant to California Civil Code, Sections 3288 and 3291, and/or any other applicable provision for pre-judgment interest.

**TWELFTH CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(AGAINST ALL DEFENDANTS)**

99.     KATRENICH incorporates by reference paragraphs 1 through 98, as though fully set forth herein.

100.    SYSCO improperly classified KATRENICH as an exempt employee. SYSCO should have classified KATRENICH as a "non-exempt" employee.  Although KATRENICH's position as a marketing associate required her at times to meet with clients outside of the office, KATRENICH did not spend at least 50% of her working time away from her office actually engaged in making sales or obtaining orders or contracts.  KATRENICH spent more than 50% of her working time engaged in providing other service to customers or working from her office, or a combination thereof, as opposed to working outside of her office actually engaged in making sales, obtaining orders, or obtaining contracts.

101.    On a regular basis, KATRENICH worked in excess of eight hours in a day and/or 40 hours in a week.

/ / /

102.   During and throughout the course of KATRENICH's employment she was also denied regular meal and rest periods required by law.  SYSCO never tracked meal periods for KATRENICH, nor did it keep and maintain accurate records of such meal and rest periods being provided.  SYSCO discouraged meal or rest periods, and did not provide meal or rest periods for KATRENICH, as SYSCO improperly classified KATRENICH as an exempt employee.

103.   Pursuant to Section 1194 of the California Labor Code, KATRENICH may bring a civil action for overtime wages directly against the employer in her own name without first filing a claim with the Division of Labor Standards Enforcement.

104.   Pursuant to Sections 510, 558, 1194 and 1197 of the California Labor Code, among other applicable sections, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable Industrial Commission Wage Orders.

105.   During and throughout the course of KATRENICH's employment, KATRENICH was compelled to work in excess of eight (8) hours per workday, in excess of (40) hours per workweek, and on the seventh day of the workweek.

106.   On each and every occasion in which KATRENICH was compelled to work in excess of eight (8) hours per workday, in excess of forty (40) hours per workweek, and for the first eight (8) hours on the seventh day of the workweek, SYSCO failed and refused to compensate KATRENICH at the rate of no less than one and one-half times the regular rate of pay.

107.   During and throughout KATRENICH's employment, KATRENICH was compelled to work in excess of twelve (12) hours per workday, and in excess of eight (8) hours on the seventh day of the workweek.

108.   On each and every occasion in which KATRENICH was compelled to work in excess of twelve (12) hours per workday, and in excess of eight (8) hours on the seventh day of the workweek, SYSCO failed and refused to compensate KATRENICH at the rate of no less than twice the regular rate of pay.

109.   Under the provisions of California's Labor Code and the applicable Wage Orders issued by the Industrial Welfare Commission of California, KATRENICH should have received overtime wages in a sum according to proof for the hours worked.

110.   KATRENICH requests recovery of overtime compensation according to proof, and penalty wages, interest, attorneys fees and costs pursuant to Sections 203, 218.5, 510, 558, 1194, and 1197 of the California Labor Code, the relevant California Industrial Welfare Commission Wage Orders, or any other statutory, regulatory, or common law authority, as well as the assessment of any other statutory penalties against SYSCO, in a sum as provided by the California Labor Code and other applicable California statutes and regulations.

111.   The pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful, and KATRENICH is entitled to recover in a civil action for the unpaid balance of the full amount of the overtime premiums owing, including interest thereon, penalties, reasonable attorneys fees and costs of suit according to the mandate of the California Labor Code.

## THIRTEENTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA LABOR CODE, SECTIONS 201 AND 202 – FAILURE TO PAY FINAL WAGES
## (AGAINST ALL DEFENDANTS)

112.   KATRENICH incorporates by reference paragraphs 1 through 111, as though fully set forth herein.

113.   California Labor Code Sections 201 and 202 provide the statutory requirements for when an employee's final pay check must be furnished by the employer.

114.   SYSCO failed and refused, and continues to fail and refuse, to provide KATRENICH with her final wages earned while employed by SYSCO, including but not limited to overtime compensation and meal and rest period premiums earned while employed.

/ / /

COMPLAINT FOR DAMAGES

115.   Accordingly, SYSCO has willfully failed to pay KATRENICH all wages due in accordance with California Labor Code, Sections 201 and 202.

116.   As a result of such illegal conduct, KATRENICH has suffered damages in an amount to be proven at trial.

117.   Pursuant to California Labor Code, Section 218.5, KATRENICH requests that the court award reasonable attorneys fees and costs incurred in this action, in addition to such other relief as may be warranted.

118.   SYSCO's failure to pay wages, as alleged above, was willful in that KATRENICH earned all wages that are currently owed, and the failure to pay said wages was without justification or excuse.  KATRENICH therefore is entitled to waiting time penalties pursuant to California Labor Code, Section 203.

<strong>FOURTEENTH CAUSE OF ACTION</strong>
<strong>FAILURE TO PROVIDE MEAL PERIODS</strong>
<strong>(AGAINST ALL DEFENDANTS)</strong>

119.   KATRENICH incorporates by reference paragraphs 1 through 118, as though fully set forth herein.

120.   At all relevant times herein mentioned KATRENICH was a non-exempt employee, and subject to the "meal period" provisions of the Industrial Welfare Commission.  No valid legal or applicable exception to the meal period requirement existed to allow SYSCO to avoid providing KATRENICH with regular meal period(s) as required by the Labor Code, wage orders and/or regulations.

121.   Throughout the entirety of KATRENICH's employment, SYSCO failed to allow KATRENICH to take thirty (30) minute meal periods for every five (5) hours worked.  SYSCO denied such meal periods and SYSCO's agents and management were well aware that rest/meal periods were being denied to KATRENICH.  KATRENICH regularly worked in excess of five (5) and ten (10) hours a day without being afforded at least half-hour meal periods in which she was relieved of all duties as required by Labor

/ / /

Code Sections 226.7 and 512, and the applicable Industrial Welfare Commission Wage Order.

122.   KATRENICH requests relief pursuant to California Labor Code, Section 226.7(b), which provides for one hour of additional pay at the employee's regular rate of pay for each work day the rest period(s) is not provided, in addition to such other and further remedies, including attorneys fees and interest, as provided by code.

**FIFTEENTH CAUSE OF ACTION**
**FAILURE TO PROVIDE REST PERIODS**
**(AGAINST ALL DEFENDANTS)**

123.   KATRENICH incorporates by reference paragraphs 1 through 122, as though fully set forth herein.

124.   At all times herein mentioned, KATRENICH was a non-exempt employee and subject to the "rest period" provisions of the Industrial Welfare Commission.  No valid legal or applicable exception to the rest period requirement existed to allow SYSCO to avoid providing KATRENICH with regular rest period(s) as required by the Labor Code, wage orders, and/or regulations.

125.   Throughout the entirety of KATRENICH's employment, SYSCO failed to allow KATRENICH to take rest periods during every four-hour period worked.  The law requires that non-exempt employees, such as those in KATRENICH's position, be allowed a 10-minute break during every four-hour work period.  The prescribed break should be allowed, as close to the middle of the four-hour period as possible, in accordance with the applicable Industrial Welfare Commission Wage Order.  Thus, KATRENICH should have been afforded a 10-minute break at the two-hour point of each four-hour work period.  SYSCO denied such breaks and SYSCO was well aware that rest periods were being denied to KATRENICH.  Thus, wages are due to KATRENICH to compensate for the "rest periods" which were denied under applicable laws, rules, requirements, and regulations.

/ / /

126.   KATRENICH requests relief pursuant to California Labor Code, Section 226.7(b), which provides for one hour of additional pay at the employee's regular rate of pay for each work day the rest period(s) is not provided, in addition to such other and further remedies, including attorneys fees and interest, as provided by code.

**SIXTEENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE PROPERLY ITEMIZED WAGE STATEMENTS IN VIOLATION OF THE CALIFORNIA LABOR CODE**

**(AGAINST ALL DEFENDANTS)**

127.   KATRENICH incorporates by reference paragraphs 1 through 126, as though fully set forth herein.

128.   Pursuant to California Labor Code, Section 226, among other authority, an employer is required to furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

129.   In violation of said portion of the Labor Code, SYSCO has failed to provide properly itemized wage statements to KATRENICH.

130.   As a result of such violation, KATRENICH requests the maximum amount of penalties and other relief allowed by law.

/ / /

/ / /

COMPLAINT FOR DAMAGES

## SEVENTEENTH CAUSE OF ACTION
## FAILURE TO PAY WAGES WHEN DUE IN VIOLATION OF
## THE CALIFORNIA LABOR CODE
## (AGAINST ALL DEFENDANTS)

131.   KATRENICH incorporates by reference paragraphs 1 through 130, as though fully set forth herein.

132.   Pursuant to California Labor Code § 204, among other authority, all wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.  Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive of any calendar month, shall be paid for between the 1st and the 10th day of the following month.  Moreover, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

133.   In violation of said sections of the Labor Code, SYSCO has failed to pay KATRENICH the full amount of wages due during the pay periods in which the wages were earned.

134.   As a result of such violation, KATRENICH requests the maximum amount of penalties and other relief allowed by law.

## EIGHTEENTH CAUSE OF ACTION
## UNLAWFUL AND UNFAIR BUSINESS ACTS AND PRACTICES IN
## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE,
## SECTION 17200 ET SEQ.
## (AGAINST ALL DEFENDANTS)

135.   KATRENICH incorporates by reference paragraphs 1 through 134, as though fully set forth herein.

136.   The acts, omissions, and practices of SYSCO as alleged herein, constituted unlawful and unfair business acts and practices within the meaning of California Business and Professions Code, Section 17200 et seq.

137.   SYSCO has engaged in "unlawful" business acts and practices by SYSCO's wrongful nonpayment of regular and overtime wages in violation of the statutes and regulations referenced herein above.

138.   KATRENICH reserves the right to allege other violations of law which constitute unlawful acts or practices.

139.   SYSCO has also engaged in "unfair" business acts or practices in that the harm caused by SYSCO's wrongful nonpayment of regular and overtime wages outweighs the utility of such conduct, and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful, and offensive, causes substantial injury to KATRENICH, and provides SYSCO with an unfair competitive advantage over those employers that abide by the law, properly classify their employees, and pay regular and overtime compensation in accordance with the law.

140.   As a result of the conduct described above, SYSCO has been and will be unjustly enriched at the expense of KATRENICH.  Specifically, SYSCO has been unjustly enriched by the retention of a significant sum of dollars in wages earned and wrongfully withheld from KATRENICH.

141.   The aforementioned unlawful or unfair business acts or practices conducted by SYSCO have been committed in the past and continue to this day.  SYSCO has not provided full restitution and disgorgement of all ill-gotten monies either acquired or retained by SYSCO as a result thereof, thereby depriving KATRENICH the minimum working conditions and standards due under California Labor Laws and Industrial Welfare Commission Wage Orders.

///

///

///

COMPLAINT FOR DAMAGES

142.   Pursuant to Section 17203 of the California Business and Professions Code, KATRENICH seeks an order of the Court requiring SYSCO to disgorge all ill-gotten gains and awarding KATRENICH full restitution of all monies wrongfully acquired by SYSCO by means of such "unlawful" and "unfair" conduct, plus interest and attorneys fees pursuant to, inter alia, Section 1021.5 of the California Code of Civil Procedure, so as to restore any and all monies to KATRENICH and the general public which were acquired and obtained by means of such "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by SYSCO.  KATRENICH additionally requests that such funds be impounded by the Court or that an asset freeze or constructive trust be imposed upon such revenues and profits to avoid dissipation and/or fraudulent transfers or concealment of such monies by SYSCO.  KATRENICH may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## NINETEENTH CAUSE OF ACTION
## FAILURE TO PROVIDE DOCUMENTATION IN
## VIOLATION OF LABOR CODE, SECTION 226
## (AGAINST ALL DEFENDANTS)

143.   KATRENICH incorporates by reference paragraphs 1 through 142, as though fully set forth herein.

144.   On August 11, 2015, KATRENICH caused to be mailed to SYSCO (certified mail, return receipt requested) a request for documentation pursuant to Labor Code Section 226.  SYSCO acknowledged receipt of the request on August 14, 2015 and August 17, 2015.  SYSCO failed to provide any documentation pursuant to Labor Code Section 226 within twenty-one days of acknowledging receipt of the request.  SYSCO continues to refuse to provide any documentation pursuant to Labor Code Section 226.

///
///
///
///

COMPLAINT FOR DAMAGES

### III.

### **JURY TRIAL DEMAND**

KATRENICH demands a jury trial in this action.

### IV.

### **PRAYER FOR RELIEF**

WHEREFORE, KATRENICH prays for judgment against DEFENDANTS, and each of them, as follows:

1. For general and special damages, including damages for emotional distress, in an amount to be proven at trial;

2. For back pay and future pay including decreased earnings and decreased earnings capacity, in an amount to be proven at trial;

3. For punitive damages in an amount appropriate to punish DEFENDANTS for their wrongful conduct and to set an example for others;

4. For penalties, including, but not limited to, waiting time penalties;

5. For premium wages;

6. For reasonable attorneys fees and costs pursuant to Sections 203, 218.5, 510, 558, 1194, 1197, and 2699 of the California Labor Code, the relevant California Industrial Welfare Commission Wage Orders, or any other statutory, regulatory, or common law authority;

7. For injunctive relief in the form of an order requiring SYSCO, and each of them, to disgorge all ill-gotten gains and awarding KATRENICH full restitution of all monies wrongfully acquired by SYSCO, and each of them, by means of such "unfair" and "unlawful" conduct, plus interest and attorneys fees pursuant to, inter alia, Section 1021.5 of the California Code of Civil Procedure;

8. For pre-judgment interest as authorized by law;

9. For reasonable attorneys fees as authorized by law;

///

///

COMPLAINT FOR DAMAGES

10. For costs of suit incurred herein; and

11. For such other and further relief as the Court deems just and proper.

DATED:  October 20, 2015                DONALD R. HOLBEN & ASSOCIATES, APC

                                                        s/Andrew A. Rosenberry

                                            By  _____
                                                    Donald R. Holben, Esq.
                                                    William N. Pabarcus, Esq.
                                                    Andrew A. Rosenberry, Esq.
                                                    Attorneys for Plaintiff,
                                                    RHONDA KATRENICH

34

COMPLAINT FOR DAMAGES